## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

14-CV-01153-RB-CG

In re:

THE VAUGHAN COMPANY, REALTORS,

          Debtor.

No. 10-10759-j11

JUDITH A. WAGNER, as Chapter 11 Trustee of
the bankruptcy estate of the Vaughan Company,
Realtors,

          Plaintiff/Appellee,

v.

                                           Adversary No. 12-1139-j

DAVID LANKFORD and LEE ANN LANKFORD,
husband and wife,

          Defendants/Appellants.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on an appeal from the *Memorandum*

*Opinion and Order Denying Motion to Vacate Summary Judgment* (the "Order") entered

by the United States Bankruptcy Court for the District of New Mexico ("Bankruptcy

Court") on December 11, 2014. (Doc. 19 at 11–17).[1] Appellants appeal the Bankruptcy

Court's Order denying their *Motion to Vacate Final Summary Judgments Against David*

*Lankford and Lee Ann Lankford and Go to Trial* ("Motion to Vacate"). (Doc. 18 at 33–

48). In reviewing the Bankruptcy Court's Order, the Court considers

*Defendants/Appellants Opening Brief* ("Brief"), filed March 9, 2015 (Doc. 27); Judith A.

---

[1] The record on appeal was filed by the Trustee under docket numbers 13 through 23. The Court will
reference the record in accordance with the docket number and page number assigned by the Clerk of
the Court, except when indicated otherwise.

Wagner, as Chapter 11 Trustee of the bankruptcy estate of the Vaughan Company,

Realtor's *Brief of Plaintiff/Appellee Judith A. Wagner, Trustee of the Vaughan Company,*

*Realtors Bankruptcy Estate* ("Response"), filed April 3, 2015 (Doc. 28); and

*Defendants/Appellants Reply Brief,* ("Reply"), filed April 16, 2015.[2] (Doc. 33).

U.S. District Judge Robert C. Brack referred this case to U.S. Magistrate Judge

Carmen E. Garza to perform legal analysis and recommend an ultimate disposition.

(Doc. 4). The Court has considered the briefs, record on appeal, and the relevant law.

Because the Bankruptcy Court did not abuse its discretion by denying Appellants'

Motion to Vacate, the Court **RECOMMENDS** that the appeal be **DENIED** and the

Bankruptcy Court's Order be **AFFIRMED**.

## I.    Procedural Background

Beginning in or about 1993, Douglas Vaughan began a promissory note program

in which he accepted money on behalf of Vaughan Company, Realtors ("VCR") from

investors in exchange for interest-bearing promissory notes. (Doc. 17 at 5 ¶ 1; Doc. 23

at 59 ¶ 2). Appellants were investors in VCR's note program. (Doc. 23 at 63 ¶ 22). On

February 22, 2010, VCR filed a voluntary petition under Chapter 11 of the Bankruptcy

Code, and Ms. Wagner (the "Trustee") was subsequently appointed as trustee of VCR's

bankruptcy estate. (Doc. 17 at 4 ¶ A).

Mr. Vaughan was later charged with various criminal counts for operating VCR's

note program as a Ponzi scheme. On December 21, 2011 he entered into a Plea

Agreement with the United States Attorney for the District of New Mexico, whereby he

---

[2] Appellants requested oral argument. However, after examining the briefs and record on appeal, the Court has determined that oral argument would not materially assist the determination of this appeal because the dispositive issues may be authoritatively decided based on the facts and arguments presented in the briefs. *See* FED.R.BANKR.P. 8019(b)(2) and (3).

admitted to operating the note program as a scheme to defraud investors, and pled guilty to one count of wire fraud and one count of mail fraud. (Doc. 13 at 12; Doc. 23 at 64 ¶ 28).

Appellants were identified as investors of VCR's note program who received fictitious profits paid by VCR pursuant to their investments in the VCR Ponzi scheme. On February 10, 2012, the Trustee sent a demand letter informing Appellants that she intended to sue them for any transfers made to them by VCR that could be deemed fraudulent, unless Appellants repaid the bankruptcy estate the amount they received from VCR in excess of their original investment. (Doc. 18, Ex. A). The Trustee stated that between February 22, 2006 and February 22, 2010 Appellants had jointly invested $295,559.30 into VCR's note program, and received $351,288.88 from VCR over the life of the investment. (Doc. 18, Ex. A). The trustee calculated the difference as Appellants "Net Winnings" in the amount of $67,313.88, and demanded that they return that money to the bankruptcy estate, for the benefit of all defrauded creditors so that it could be equitably distributed between all of VCR's creditors. (Doc. 18, Ex. A).

On February 21, 2012, the Trustee filed a complaint to avoid certain transfers from VCR to Appellants jointly, as well as those made to Mr. Lankford individually, pursuant to 11 U.S.C. §§ 544 and 548 of the Bankruptcy Code and N.M.S.A. 1978 §§ 56-10-18(B) of the New Mexico Fraudulent Transfer Act. (Doc. 13 at 6–31). The Trustee alleged that between 2004 and the February 22, 2010, Appellants jointly received $144,976.56 in transfers from VCR, and Mr. Lankford received $199,160.47 individually in transfers from VCR. (Doc. 13 at 14–15). The Trustee set out to recover all of the transfers made to Appellants. (Doc. 13 at 16).

On October 24, 2012, the Bankruptcy Court established a master docket for consolidated matters for the purpose of consolidating common issues of law and fact in more than forty separate fraudulent and preferential transfer adversarial actions filed by the Trustee arising from the VCR Ponzi scheme. (Doc. 13 at 37–40). The Trustee sought to recover certain payments made to all defendants, including Appellants, as fraudulent transfers in the consolidated matters. The Trustee moved for partial summary judgment, requesting that certain elements of her prima facie case against each individual defendant be established.

The Bankruptcy Court found that VCR operated the note program as a Ponzi scheme and that VCR's transfers to investors were made in furtherance of the Ponzi scheme, and therefore those transfers were made with the actual intent to defraud its creditors. (Doc. 23 at 69–70). The Bankruptcy Court determined that between January 1, 2005 and February 22, 2010, the date the bankruptcy petition was filed, VCR was insolvent. (*Id.* at 71–72). The Bankruptcy Court decided that VCR received less than reasonably equivalent value for any transfers made in excess of the amount of the investor's initial investment. (*Id.* at 74–77). Finally, the Bankruptcy Court concluded that payments of funds from VCR's bank account to the defendants constituted the transfer of an interest of VCR in property. (*Id.* at 78–79).

The Trustee then set out to establish the exact amounts of the fraudulent transfers for each defendant, including Appellants. She subsequently filed the *Trustee's Motion for an Order Conclusively Establishing the Amount of the Transfers at Issue in Certain Adversary Proceedings* (the "Amounts Motion"), to have the Bankruptcy Court determine the amounts transferred by VCR to Appellants jointly and Mr. Lankford

individually. The Trustee noted that Appellants had failed to dispute or admit the amount of the transfers or provide the required documentation concerning the amount of the transfers, as they had been ordered to do by the Bankruptcy Court. (Doc. 13 at 48–51). On August 6, 2013, the Bankruptcy Court held a final hearing on the Amounts Motion, at which Appellants appeared. (*Id.* at 52). The Bankruptcy Court subsequently entered an order on the Amounts Motion, which precluded Appellants from offering into evidence at trial any additional documents concerning the amount of the transfer because of their previous failures to respond to the Trustee's discovery requests for information. (*Id.* at 53–54). The Bankruptcy Court also required the Trustee to provide to Appellants a written explanation of how the Trustee determined the amount of the fraudulent transfers at issue, with references to specific documents and items or entries within such documents that had already been provided to Appellants. (*Id.*).

As a result of the Bankruptcy Court's mandate, the Trustee recalculated the fraudulent transfers and determined that she had misstated the aggregate amount of VCR's transfers to Appellants. She explained that she had relied upon VCR's internal pre-bankruptcy 1099 spreadsheets for years 2004 and 2005 initially, (Doc. 14 at 30), and that after comparing the copies of VCR's cancelled checks she obtained through discovery during the pendency of the bankruptcy. *Id.* She recalculated the total joint transfer amount to Appellants as $140,939.32, and not $144,976.56 as was set forth in the initial complaint. (*Id.*).

The Trustee then filed a partial motion for summary judgment on September 20, 2013 against David Lankford individually, (Doc. 20 at 3–18), and a second partial motion for summary judgment on October 1, 2013, addressing the constructive fraud

claims against Appellants jointly. (Doc. 20 at 62–77). In the second motion for summary judgment, the Trustee alleged that the joint investment transfer amount was $140,939.32, and that she would only seek recovery of the amounts Appellants received from VCR in excess of their investments. (Doc. 20 at 66, 76–77). The Trustee attached an explanation of how the amount was calculated, and why it differed from the amounts in the complaint. (Doc. 14 at 20–22, 30).

On December 20, 2013, Appellants requested leave to file counter-claims against the Trustee and her attorneys for extortion, incompetence, and fraud. (Doc. 14 at 53–59). As a basis for their claims, Appellants alleged that the Trustee had intentionally defrauded and attempted to extort money from them by overstating the total amount of their joint investment transfers from VCR, because the initial amount had been confected from internal 1099-forms that never existed. (*Id.*). The Bankruptcy Court denied Appellants request to file the counter-claims on February 14, 2014. (Doc. 14 at 80–Doc. 15 at 1).

On May 27, 2014, the Bankruptcy Court issued its *Memorandum Opinion and Final Judgment* in favor of the Trustee. (Doc. 17 at 1–12). The Bankruptcy Court found that Appellants received transfers that totalled $140,939.32 from VCR from 2004 through February 22, 2010, and had jointly invested $95,000. (*Id.* at 5). Therefore, the Bankruptcy Court concluded that they received $45,939.32 in "Net Winnings," which it defined as the amount in excess of their original investment with VCR. (*Id.*). The Bankruptcy Court noted that the parties disputed the exact amount transferred by VCR to Appellants, but that the Trustee submitted copies of checks issued by VCR to Appellants, and that Appellants failed to offer admissible evidence to dispute the

6

calculations submitted by the Trustee. (Doc. 15 at 5 n.4). The Bankruptcy Court also determined that Mr. Lankford had individually invested $177,695 in the VCR Ponzi scheme, and received a total of $199,160.07 from VCR. The Bankruptcy Court concluded that the difference—$21,465.07—constituted Mr. Lankford's "Individual Net Winnings." (*Id.* at 6).

The Bankruptcy Court found that both the Net Winnings and Individual Net Winnings had been received during the applicable four-year statutory recovery period prior to February 22, 2010, the date that VCR filed for bankruptcy protection. (Doc. 14 at 5–6). Judgment was entered in the Trustee's favor, and declared she was entitled to money judgments against Appellants jointly for $45,939.32, and against Mr. Lankford individually for $21,465.07. (*Id.* at 11–12).

On June 4, 2014, Appellants again requested leave to file counter-claims against the Trustee and her attorneys for fraud and extortion. (Doc. 17 at 17–29). Their request was denied by the Bankruptcy Court. (Doc. 18 at 19–26).

Then on December 1, 2014, Appellants filed their Motion to Vacate pursuant to Fed. R. Civ. P. 60(b)(3) and 60(d)(3), (Doc. 18 at 33–48), asking the Bankruptcy Court to vacate the judgment on the basis that the Trustee committed fraud and fraud on the court by initially miscalculating the total amount of their joint transfers received from VCR. (*Id.*). Appellants contended that the calculation error was intentional, and that the Trustee's conduct constituted fraud, extortion, incompetence, and perjury. (*Id.*).

In its denial of the Motion to Vacate, the Bankruptcy Court noted that Appellants were making identical arguments to those that it had previously rejected as being unsubstantiated and conclusory. (Doc. 19 at 11–17). The Bankruptcy Court found that

Appellants failed to come forward with any evidence that the Trustee's miscalculation was the result of fraud or fraud on the court. (*Id.*). Thus, the Bankruptcy Court concluded that Appellant's arguments did not satisfy the legal standard for granting a motion to vacate pursuant to Rule 60(b)(3) or Rule 60(d)(3), and that Appellants had also advanced several arguments for the first time improperly in the Motion to Vacate. (*Id.*).

On December 24, 2014, Appellants David Lankford and Lee Ann Lankford filed their *Am[]ended Notice of Appeal and Statement of Election*, requesting review of the Bankruptcy Court's Order.[3] (Doc. 19 at 19–29). The Court now considers the appeal.

## II.    Standard of Review

In reviewing the Bankruptcy Court's Order, this Court sits as an appellate court and maintains jurisdiction in accordance with 28 U.S.C. § 158(a)(1). When the Court reviews the Bankruptcy Court's decisions on appeal, it applies "the same standards of review as those governing appellate review in other cases." *Gill v. Winn (In re Perma Pac. Props.),* 983 F.2d 964, 966 (10th Cir.1992); *United States ex rel. U.S. Dep't of Educ. v. Moreu*, 332 B.R. 20, 22 (W.D. Okla. 2005).

An appeal from a denial of a motion to vacate a judgment brought under either Fed. R. Civ. P. 60(b) or 60(d) is reviewed for abuse of discretion. *United States v. Buck*,

---

[3] Bankruptcy Rule 8018(b)(1) requires the appellants to file and serve an appendix with their principal brief in all appeals. Appellants, who proceed pro se in this matter, failed to file the relevant portions of the record as an appendix with their brief, and the Trustee filed the record for the convenience of the Court instead. Appellant's contravention of Bankruptcy Rule 8018(b)(1) permits the Court to summarily affirm the decision of the Bankruptcy Court. *See, e.g., In re Black*, No. 03-4078, 130 Fed. Appx. 205 (10th Cir. Jan. 27, 2005) (unpublished). While a pro se party must follow the same procedural rules that govern other litigants, *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994), the Court should construe the filings of a pro se litigant liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Since the relevant portions of the record were filed by the Trustee, the Court will not summarily affirm the decision of the Bankruptcy Court for the sole reason that Appellants did not properly file the record with the Court.

281 F.3d 1336, 1342–43 (10th Cir. 2002) (concerning motions alleging fraud on the court generally); *State Bank of Southern Utah v. Gledhill (In re Gledhill)*, 76 F.3d 1070, 1080 (10th Cir. 1996) (concerning Rule 60(b) motions). A court "has substantial discretion in connection with a Rule 60(b) motion." *In re Gledhill*, 76 F.3d at 1080 (quotation omitted). Under an abuse of discretion standard, a trial court's decision will not be reversed unless its ruling is based on an erroneous conclusion of law or relies on clearly erroneous factual findings. *In re Dey*, BAP No. CO-14-026, 2015 WL 669788, at *3 (B.A.P. 10th Feb. 17, 2015) (unpublished). Thus, the Court will reverse the Bankruptcy Court's determination only if the Court finds "a complete absence of a reasonable basis" for the decision and is certain that the Bankruptcy Court's decision is wrong. *In re Gledhill*, 76 F.3d at 1080. (quotation omitted).

## III.   Analysis

Appellants seek to vacate the Order denying their Motion to Vacate under Rule 60(b)(3) and Rule 60(d)(3), alleging that the Trustee committed fraud and fraud on the court in litigating the adversarial suit against them. Specifically, Appellants allege that: (i) the Bankruptcy Court erroneously disregarded material facts and evidence demonstrating that the Trustee committed acts of fraud and fraud on the Bankruptcy Court; (ii) the Bankruptcy Court's analysis was erroneous; and (iii) the Trustee abused her authority by demanding an improper sum of money from Appellants. (Doc. 27 at 8). The Trustee responds that the Bankruptcy Court properly exercised its discretion by denying the Motion to Vacate because Appellants failed to demonstrate that the Trustee committed fraud or fraud on the court as defined by Rule 60(b)(3) and Rule 60(d)(3). (Doc. 28).

A.    _Relief from a Judgment under Rule 60_

Relief from a judgment under Rule 60 is extraordinary and may only be granted in exceptional circumstances. *In re Gledhill*, 76 F.3d at 1080. A litigant may only successfully demonstrate that such exceptional circumstances exist by satisfying one or more of the six grounds for relief from judgment set forth in Rule 60(b). *In re Dey*, 2015 WL 669788 at *3. Rule 60(b)(3) permits a court to relieve a party from a final judgment, order, or proceeding that was obtained through fraud, misrepresentation, or misconduct by an opposing party, as long as a motion requesting such relief is brought within one year after the judgment is entered. FED.R.CIV.P. 60(b)(3) & (c); *Bedard v. Nat'l Cas. Ins. Co.*, No. 12-3067, 481 Fed. Appx. 445, 446 (10th Cir. July 26, 2012) (unpublished). "Rule 60(b)(3)'s aim is to provide relief from judgments that were unfairly obtained," not from those which are factually incorrect, and "encompasses a wide range of circumstances." *In re Dey*, 2015 WL 669788 at *3; *see also Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005).

Rule 60(d)(3), on the other hand, acts as a "savings clause" that provides a court's power not be limited to "set[ting] aside a judgment for fraud on the court." While Rule 60(b)(3) and Rule 60(d)(3) are two distinct bases for post-judgment relief, they overlap in that fraud on the court claims may be raised in a Rule 60(b)(3) motion as well as in a Rule 60(d)(3) motion. *In re Dey*, 2015 WL 669788 at *3. However, unlike Rule 60(b)(3), there is no one-year deadline to bring a Rule 60(d)(3) motion, and the fraud on the court need not be perpetrated by the opposing party. *See generally* FED.R.CIV.P. 60.

### 1. Fraud under Rule 60(b)(3)

Rule 60(b)(3) allows a court to relieve a party from a final judgment based on fraud, misrepresentation, or other misconduct of an adverse party. *Zurich N. Am.*, 426 F.3d at 1290 (quoting Fed. R. Civ. P. 60(b)(3)). "Regardless of the specific form of the allegation, the party relying on Rule 60(b)(3) must, by adequate proof, clearly substantiate the claim of fraud, misconduct or misrepresentation." *Id.* (quotation omitted). The movant seeking relief under Rule 60(b)(3), "must show clear and convincing proof of fraud, misrepresentation, or misconduct." *Id.* (quotation omitted). Moreover, "the challenged behavior must substantially have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial." *Id.* (quotation omitted). Conclusory allegations of wrongdoing, without evidence, are insufficient. *See Smith v. Cochran*, No. 04-5114,182 Fed. Appx. 854, 861 (10th Cir. June 28, 2006) (unpublished).

Appellants argue that the Bankruptcy Court improperly disregarded material facts and evidence that they submitted to the Bankruptcy Court which show that the Trustee committed fraud in violation of their constitutional rights. (Doc. 27 at 8). Appellants contend that the Trustee's incorrect initial calculation of the total transfers from VCR from their joint investment was intentionally fraudulent, making summary judgment inappropriate because there existed genuine issues of material fact for trial. (*Id.* at 9). Appellants accuse the Trustee of intentionally concealing the true total amount of the transfers, and complain that the Bankruptcy Court erroneously relied on the Trustee's explanation that her initial calculation was simple error resulting from her reliance on VCR's internal 1099 spreadsheets. (*Id.* at 11). Appellants claim that these spreadsheets

were never produced in discovery, and therefore there was no reason for the Bankruptcy Court to rely on the veracity of the Trustee's explanation. (*Id.* at 11, 13). Appellants assert several times that the Trustee's calculation error was made in bad faith, that the Trustee deceived the Bankruptcy Court, and that the Bankruptcy Court should not have accepted her explanation that she recalculated the amounts of their fictitious profits by relying on the newly-acquired new bank documents and check data from VCR. (*Id.* at 24). Appellants maintain that the Trustee had those documents in her possession throughout the pendency of the adversarial action, but that the Trustee purposely withheld the information in order to defraud Appellants. (*Id.* at 24).

In its Order denying Appellants' Motion to Vacate, the Bankruptcy Court rejected Appellants' contentions, finding that Appellants' conclusory allegations did not amount to fraud under Rule 60(b)(3). (Doc. 19 at 16). While Appellants attached various documents to their Motion to Vacate, (Doc. 18 at 49–Doc. 19 at 7), the Bankruptcy Court concluded that Appellants had not demonstrated with any admissible evidence that the Trustee's calculation error amounted to fraud. (Doc. 19 at 16).

Appellants assert that the initial calculation errors were "foundational and material to the very calculations used to determine" their liability and grant summary judgment in the Trustee's favor. (Doc. 27 at 21). Appellants argue that the Court improperly relied on the veracity of the Trustee's explanation regarding the initial over-calculation, which was a per se admission that some malfeasance occurred during the litigation. Thus, Appellants reason, even if the errors were corrected before the judgment against them was entered, the Bankruptcy Court should not have granted relief to the Trustee. (Doc. 27 at 22). Appellants have provided no legal authority that

the judgment must be vacated for this reason alone, and the Court can find none.

Further, Rule 60(b)(3) is aimed at judgments that are unfairly obtained. *See Zurich N.*

*Am.*, 426 F.3d at 1290. Here, both parties acknowledge the Bankruptcy Court did not

rely on the initial calculations in the complaint in granting judgment for the Trustee.

Thus, the Court is not persuaded by Appellants' argument that a calculation error made

at the earliest stage of adversarial proceeding is per se fraud requiring that the

judgment be vacated.

Moreover, in moving for relief under Rule 60(b)(3), Appellants have the burden of

showing that the Trustee's misconduct substantially interfered with their ability to fully

and fairly prepare for and proceed at trial. *Woodworker's Supply Inc. v. Principal Mut.*

*Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). The record reveals that Appellants

knew about the calculation error well in advance of the motion for summary judgment.

Appellants only contend they were prejudiced because they were unable to question the

Trustee under oath regarding the calculation error after spending "hundreds of hours"

and making travel arrangements in preparation for trial. Further, they argue that they did

not receive the internal 1099 forms relied on by the Trustee in discovery, which is

probative that no such forms ever existed.

Failure to disclose information requested during discovery may constitute

misconduct under Rule 60(b)(3), but the misconduct, to be a basis for vacating a final

judgment, usually requires the violation of a specific discovery request or order.

*Marcotte, In re Ortega v. Burlington N. Santa Fe Rail Corp.*, No. CIV-04-0836 JB/RLP,

2007 WL 5685130, at *16 (D.N.M. Oct. 11, 2007) (unpublished) (citing *Zurich N. Am.*,

426 F.3d at 1292). However, as the Bankruptcy Court pointed out, Appellants never

requested the 1099 forms in discovery. (Doc. 19 at 16). Further, there is no evidence or allegation that Appellants tried to depose or submit interrogatories or requests for admissions to the Trustee.

Appellants argue that once the calculation error was discovered, that they were prejudiced because they were not able to serve discovery requests because the deadline for discovery had passed. (Doc. 27 at 14). Appellants contend that by failing to disclose the spreadsheets with their initial disclosures, the Trustee violated Rule 26. However, allegations of nondisclosure in pretrial discovery do not support an action for fraud. *See Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985) (fraud on the court); *see also Weese*, 98 F.3d at 553 ("Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court.") (quotation omitted).

Appellants contend that they were prejudiced because they were unable to prove their fraud claims against the Trustee. However, Appellants were never granted leave to file counter-claims for fraud. Appellants do not allege that they were otherwise impeded in preparing their defense to the Trustee's adversarial action to avoid the transfers. Thus, Appellants have not shown that the Trustee's alleged wrongdoing prevented them from fully and fairly preparing their defense in the adversarial action.

Appellants did not demonstrate with clear and convincing evidence to the Bankruptcy Court that the Trustee committed fraud, which substantially interfered with their ability to fully and fairly prepare for trial. The Bankruptcy Court properly found that all of Appellants' arguments in their Motion to Vacate attempting to establish fraud were conclusory and unsubstantiated. This Court may not set aside that finding unless it is

clearly erroneous. The Court has reviewed the record and is satisfied that the Bankruptcy Court's finding is not clearly erroneous

2.    *Fraud on the Court*

A litigant may seek to set aside a judgment for fraud on the court under both a Rule 60(b)(3) and a Rule 60(d)(3) motion. *In re Dey*, 2015 WL 669788, at *4. "Under Tenth Circuit precedent, the same standard applies to establish fraud on the court under Rule 60(b)(3) and 60(d)(3)." *Id.* "[F]raud on the court requires conclusive proof of 1) the fraud, 2) intent to defraud, and 3) an injury to more than a single litigant that assaults the integrity of the judicial process." *In re Dey*, 2015 WL 669788 at *4 (discussing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)). "Fraud on the court is tightly construed because the consequences are severe." *Weese v. Schukman*, 98 F.3d 542, 553 (10th Cir. 1996) (alterations omitted). Additionally, "[i]ntent to defraud is an absolute prerequisite to a finding of fraud on the court." *Id.* "Only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court." *Id.* at 552–53 (quotation omitted). Fraud on the court is "fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury." *In re Dey*, 2015 WL 669788 at *4 (quotation omitted). "Only where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function, then it is fraud on the court." *Id.* Further, the fraud must have actually deceived the court. *Krietzburg v. Mucci (In re Mucci)*, 488 B.R. 186, 193 (Bankr. D.N.M. 2013).

15

Appellants contend that all of the Trustee's actions constituting fraud also constitute fraud on the court. The Trustee responds that because the Bankruptcy Court was not actually deceived by the miscalculation, her actions do not amount to fraud on the court. The Bankruptcy Court agreed with the Trustee, noting that it had not actually been deceived by the alleged fraud in granting judgment to the Trustee. (Doc. 19 at 16).

The Court has reviewed the Motion to Vacate and appellate briefs pursuant to the standard necessary to vacate a judgment for fraud on the court. The record reveals that the Bankruptcy Court did not rely on the alleged fraudulent conduct in granting the judgment. The Bankruptcy Court repeatedly explained it did not accept the miscalculation to determine the amount of the money judgment. The Bankruptcy Court did not look beyond the evidence submitted with the motion for summary judgment and consider the numbers submitted by the Trustee in the complaint. Since the Bankruptcy Court did not rely on the alleged fraudulent conduct in entering the judgment, that judgment cannot be set aside on the basis of fraud on the court. *See Zurich N. Am.*, 426 F.3d at 1291.

Appellants have not established that the Trustee committed fraud on the court to satisfy the requirements of Rule 60. The Court therefore finds that Appellants have not demonstrated that the Bankruptcy Court abused its discretion by denying their Motion to Vacate the judgment.

B.      *Other Matters Raised on Appeal*

Appellants raise various other matters on appeal that the Court will now address. Appellants argue that the Bankruptcy Court should have offset Mrs. Lankford's investment losses from her IRA account when it calculated the money judgment. (Doc.

27 at 10). This argument was raised by Appellants in their Motion to Vacate and rejected by the Bankruptcy Court for the reason that Appellants failed to raise offset in response to the motion for summary judgment, and Appellants did not timely appeal the judgment. (Doc. 19 at 16).

The Notice of Appeal limits the scope of the appeal to the Bankruptcy Court's Order denying Appellant's Motion to Vacate. Any arguments that go beyond Appellant's appeal of the Bankruptcy Court's Order will therefore not be addressed by this Court because they are outside this Court's appellate jurisdiction. *See Cunico v. Pueblo Sch. Dist. No. 60*, 917 F.2d 431, 444 (10th Cir. 1990) ("[A]ppellate review is limited to final judgments or parts thereof that are designated in the notice of appeal.").

Appellants also complain that the Bankruptcy Court failed to check the Trustee's "questionable math" at the summary judgment stage. (Doc. 33 at 6). Appellants contend that the Bankruptcy Court erred by not explicating the calculations made by the Trustee. (Doc. 33 at 6). The record reveals that Appellants were provided multiple opportunities to raise genuine issues of disputed fact by coming forth with admissible evidence once the Trustee moved for judgment under Rule 56(d). Here, Appellants chose not to do so. Generally, a ruling on a post-judgment motion, such as a motion to vacate a judgment under Rule 60, is subject to independent appeal separate from the underlying judgment. *Lang v. Lang (In re Lang)*, 414 F.3d 1191, 1196 (10th Cir. 2005). The scope of Appellant's stand-alone appeal is "restricted to the questions properly raised by the post-judgment motion [and] should not extend to revive lost opportunities to appeal the underlying judgment." *Id.* Thus, the sole issue in this case is whether the Bankruptcy

Court abused its discretion by denying Appellant's Motion to Vacate, and not whether it erred by granting summary judgment in the Trustee's favor.

Appellants further contend that they have brought separate counts of fraud and fraud on the court against the Trustee, which they should have been able to litigate to trial. The Bankruptcy Court denied Appellants leave to bring any counter-claims based on their allegations of fraud, and Appellants did not timely appeal those decisions. Again, any argument attacking the Bankruptcy Court's other orders in the adversarial suit may not be considered by this Court because they are outside this Court's appellate jurisdiction. The Court will not address that issue in more depth because it lacks jurisdiction over those decisions.

## IV.   Conclusion

The Bankruptcy Court has substantial discretion in deciding whether to grant a motion to relieve a party for reasons of fraud or fraud on the court under Rule 60(b)(3) or Rule 60(d)(3). Since Appellants have not demonstrated by clear and convincing evidence that the Trustee's alleged fraudulent conduct substantially interfered with their ability to fully and fairly to prepare for and proceed at trial, or that her conduct was directed to the judicial machinery itself, the grant of relief from judgment was not erroneous.

For the foregoing reasons, the Court finds that the appeal is without merit. **IT IS THEREFORE RECOMMENDED** that the Bankruptcy Court's *Memorandum Opinion and Order Denying Motion to Vacate Summary Judgment* be **AFFIRMED**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____

THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE