## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

### 14-CV-01153-RB-CG

In re:

THE VAUGHAN COMPANY, REALTORS,

        Debtor.

No. 10-10759-j11

JUDITH A. WAGNER, as Chapter 11 Trustee of
the bankruptcy estate of the Vaughan Company,
Realtors,

        Plaintiff/Appellee,

v.

Adversary No. 12-1139-j

DAVID LANKFORD and LEE ANN LANKFORD,
husband and wife,

        Defendants/Appellants.

### <u>ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED</u>
### <u>FINDINGS AND RECOMMENDED DISPOSITION</u>

**THIS MATTER** is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD"), filed on June 4, 2015.[1] (Doc. 34). In the PFRD, the Magistrate Judge concluded that Appellants/Defendants David Lankford and Lee Ann Lankford ("Appellants") failed to demonstrate that the Bankruptcy Court abused its discretion by denying their Motion to Vacate its order granting summary judgment in favor of Plaintiff/Appellee Judith A. Wagner, as Chapter 11 Trustee of the bankruptcy estate of the Vaughan Company, Realtors (the "Trustee"). The Magistrate Judge decided that the appeal is without merit, and recommended that the Bankruptcy Court's

---

[1] The record on appeal was filed by the Trustee under docket numbers 13 through 23. The Court will reference the record in accordance with the docket number and page number assigned by the Clerk of the Court, except when indicated otherwise.

*Memorandum Opinion and Order Denying Motion to Vacate Summary Judgment* ("Motion to Vacate") be affirmed.

The parties were notified that written objections to the PFRD were due within 14 days. (Doc. 34 at 19). Appellants timely filed their *Objections to Magistrate Judge Carmen E Garza's Proposed Findings and Recommended Disposition* ("Objections"), on June 22, 2015. (Doc. 35). The Trustee filed her *Response in Opposition to Defendants/Appellants Objections to Magistrate Judge Carmen E Garza's Proposed Findings and Recommended Disposition* on July 2, 2015. (Doc. 36). Defendants/Appellants then filed their *Reply to Trustee's Response in Opposition to Defendants/Appellants Objections to Magistrate Judge Carmen E Garza's Proposed Findings and Recommended Disposition* on July 10, 2015.[2] (Doc. 37).

After a de novo review of the record and the PFRD, this Court adopts Judge Garza's *Proposed Findings and Recommended Disposition* in its entirety, finds that the Bankruptcy Court's order should be affirmed, and the appeal should be dismissed.

## I.   Background

Appellants appeal the Bankruptcy Court's Order denying their *Motion to Vacate Final Summary Judgments Against David Lankford and Lee Ann Lankford and Go to Trial* ("Motion to Vacate"). (Doc. 18 at 33–48). In reviewing the Bankruptcy Court's Order, the Magistrate Judge considered *Defendants/Appellants Opening Brief* ("Brief"), filed March 9, 2015 (Doc. 27); Judith A. Wagner, as Chapter 11 Trustee of the bankruptcy estate of the Vaughan Company, Realtor's *Brief of Plaintiff/Appellee Judith*

---

[2] Parties objecting to a Magistrate Judge's PFRD are not entitled to file reply briefs without requesting leave from the Court to do so. A party may respond to another party's objections within fourteen days of being served with a copy; the rule does not provide for a reply. Fed. R. Civ. P. 72(b). Although Defendants/Appellants did not request leave to file their Reply, the Court will consider the Reply and grant leave sua sponte.

*A. Wagner, Trustee of the Vaughan Company, Realtors Bankruptcy Estate*

("Response"), filed April 3, 2015 (Doc. 28); and *Defendants/Appellants Reply Brief*,

("Reply"), filed April 16, 2015.[3] (Doc. 33).

The Magistrate Judge accurately set forth the procedural history of this case.

Beginning in or about 1993, Douglas Vaughan began a promissory note program in

which he accepted money on behalf of Vaughan Company, Realtors ("VCR") from

investors in exchange for interest-bearing promissory notes. (Doc. 17 at 5 ¶ 1; Doc. 23

at 59 ¶ 2). Appellants were investors in VCR's note program. (Doc. 23 at 63 ¶ 22). On

February 22, 2010, VCR filed a voluntary petition under Chapter 11 of the Bankruptcy

Code, and the Trustee was subsequently appointed as trustee of VCR's bankruptcy

estate. (Doc. 17 at 4 ¶ A).

Mr. Vaughan was later charged with various criminal counts for operating VCR's

note program as a Ponzi scheme. On December 21, 2011 he entered into a plea

agreement, whereby he admitted to operating the note program as a scheme to defraud

investors, and pled guilty to one count of wire fraud and one count of mail fraud. (Doc.

13 at 12; Doc. 23 at 64 ¶ 28).

Appellants were identified as investors of VCR's note program who received

fictitious profits paid by VCR pursuant to their investments in the VCR Ponzi scheme.

On February 10, 2012, the Trustee sent a demand letter informing Appellants that she

intended to sue them for any transfers made to them by VCR that could be deemed

fraudulent, unless Appellants repaid the bankruptcy estate the amount they received

---

[3] Appellants requested oral argument and contend that it is necessary so that this Court understands the complex accounting principles at issue here. However, after examining the briefs and record on appeal, the Court has determined that oral argument would not materially assist the determination of this appeal because the dispositive issues may be authoritatively decided based on the facts and arguments presented in the briefs. *See* FED. R. BANKR. P. 8019(b)(2) and (3).

from VCR in excess of their original investment. (Doc. 18, Ex. A). The Trustee stated that between February 22, 2006 and February 22, 2010 Appellants had jointly invested $295,559.30 into VCR's note program, and received $351,288.88 from VCR over the life of the investment. (Doc. 18, Ex. A). The Trustee calculated the difference as Appellants "Net Winnings" in the amount of $67,313.88, and demanded that they return that money to the bankruptcy estate for the benefit of all defrauded creditors. (Doc. 18, Ex. A).

On February 21, 2012, the Trustee filed a complaint to avoid certain transfers from VCR to Appellants jointly, as well as those made to Mr. Lankford individually, pursuant to 11 U.S.C. §§ 544 and 548 of the Bankruptcy Code and N.M.S.A. 1978 §§ 56-10-18(B) of the New Mexico Fraudulent Transfer Act. (Doc. 13 at 6–31). The Trustee alleged that between 2004 and the February 22, 2010, Appellants jointly received $144,976.56 in transfers from VCR, and Mr. Lankford received $199,160.47 individually in transfers from VCR. (Doc. 13 at 14–15). The Trustee set out to recover all of the transfers made to Appellants. (Doc. 13 at 16).

On October 24, 2012, the Bankruptcy Court established a master docket for consolidated matters for the purpose of consolidating common issues of law and fact in more than 40 separate fraudulent and preferential transfer adversarial actions filed by the Trustee arising from the VCR Ponzi scheme. (Doc. 13 at 37–40). The Trustee sought to recover certain payments made to all defendants, including Appellants, as fraudulent transfers in the consolidated matters. The Trustee moved for partial summary judgment, requesting that certain elements of her prima facie case against each individual defendant be established.

4

The Bankruptcy Court found that VCR operated the note program as a Ponzi scheme, and that because VCR's transfers to investors were made in furtherance of the Ponzi scheme they were made with the actual intent to defraud its creditors. (Doc. 23 at 69–70). The Bankruptcy Court determined that between January 1, 2005 and February 22, 2010, the date the bankruptcy petition was filed, VCR was insolvent. (*Id.* at 71–72). The Bankruptcy Court decided that VCR received less than reasonably equivalent value for all transfers made in excess of the amount of the investor's initial investment. (*Id.* at 74–77). Finally, the Bankruptcy Court concluded that payments of funds from VCR's bank account to the defendants constituted the transfer of an interest of VCR in property. (*Id.* at 78–79).

The Trustee then set out to establish the exact amounts of the fraudulent transfers for each defendant, including those made to Appellants. She subsequently filed the *Trustee's Motion for an Order Conclusively Establishing the Amount of the Transfers at Issue in Certain Adversary Proceedings* (the "Amounts Motion"), to have the Bankruptcy Court determine the amounts transferred by VCR to Appellants jointly and Mr. Lankford individually. The Trustee noted that Appellants had failed to dispute or admit the amount of the transfers or provide the required documentation concerning the amount of the transfers, as they had been ordered to do by the Bankruptcy Court. (Doc. 13 at 48–51).

On August 6, 2013, the Bankruptcy Court held a final hearing on the Amounts Motion, at which Appellants appeared. (*Id.* at 52). The Bankruptcy Court subsequently entered an order on the Amounts Motion, which precluded Appellants from offering into evidence at trial any additional documents concerning the amount of the transfer

because of their previous failure to respond to the Trustee's discovery requests for information.[4] (*Id.* at 53–54). The Bankruptcy Court also required the Trustee to provide to Appellants a written explanation of how the Trustee determined the amount of the fraudulent transfers at issue, with references to specific documents and items or entries within such documents that had already been provided to Appellants. (*Id.*).

As a result of the Bankruptcy Court's mandate, the Trustee recalculated the fraudulent transfers and determined that she had misstated the aggregate amount of VCR's transfers to Appellants. She explained that she had initially relied upon VCR's internal pre-bankruptcy 1099 spreadsheets for years 2004 and 2005. (Doc. 14 at 30). After comparing the copies of VCR's cancelled checks she obtained through discovery during the pendency of the bankruptcy, she recalculated the total joint transfer amount to Appellants as $140,939.32, and not $144,976.56 as was set forth in the complaint. (*Id.*).

The Trustee then filed a partial motion for summary judgment on September 20, 2013 against David Lankford individually, (Doc. 20 at 3–18), and a second partial motion for summary judgment on October 1, 2013, addressing the constructive fraud claims against Appellants jointly. (Doc. 20 at 62–77). In the second motion for summary judgment, the Trustee alleged that the joint investment transfer amount was $140,939.32, and that she would only seek recovery of the amounts Appellants

---

[4] In the Objections, Appellants argue that they were "not aware of any Court records that indicate that they have withheld any evidence they were ordered to produce by the Bankruptcy Court." (Doc. 35 at 6). However, the record shows that on October 31, 2012, the Bankruptcy Court ordered the Appellants to produce certain documentation if they intended to dispute the amount of the transfers, and that failure to do so could result in exclusion of such documents from the evidence admitted at trial. (Doc. 23, 17–31). Since Appellants failed to timely comply with that order, they were barred from introducing any documents into evidence to dispute the amount of the transfers. (Doc. 13, 54). Thus, to the extent Appellants' contention may be construed as an objection to the PFRD, it is overruled based upon this Court's review of the record.

received from VCR in excess of their investments. (Doc. 20 at 66, 76–77). The Trustee attached an explanation of how the amount was calculated, and why it differed from the amounts in the complaint. (Doc. 14 at 20–22, 30).

On December 20, 2013, Appellants requested leave to file counter-claims against the Trustee and her attorneys for extortion, incompetence, and fraud. (Doc. 14 at 53–59). As a basis for their claims, Appellants alleged that the Trustee had intentionally defrauded and attempted to extort money from them by overstating the total amount of their joint investment transfers from VCR, because the initial amount had been prepared from internal 1099 forms which were entirely fabricated by the Trustee. (*Id.*). The Bankruptcy Court denied Appellants request to file these counter-claims against the Trustee and her attorney on February 14, 2014. (Doc. 14 at 80–Doc. 15 at 1).

On May 27, 2014, the Bankruptcy Court issued its *Memorandum Opinion and Final Judgment* in favor of the Trustee. (Doc. 17 at 1–12). The Bankruptcy Court found that Appellants received transfers that totalled $140,939.32 from VCR from 2004 through February 22, 2010, and had jointly invested $95,000. (*Id.* at 5). Therefore, the Bankruptcy Court concluded that they received $45,939.32 in "Net Winnings," which it defined as the amount in excess of their original investment with VCR. (*Id.*). The Bankruptcy Court noted that the parties disputed the exact amount transferred by VCR to Appellants, but that the Trustee submitted copies of checks issued by VCR to Appellants, and that Appellants failed to offer admissible evidence to dispute the calculations submitted by the Trustee. (Doc. 15 at 5 n.4). The Bankruptcy Court also determined that Mr. Lankford had individually invested $177,695 in the VCR Ponzi scheme, and received a total of $199,160.07 from VCR. The Bankruptcy Court

concluded that the difference—$21,465.07—constituted Mr. Lankford's "Individual Net Winnings." (*Id.* at 6).

The Bankruptcy Court found that both the Net Winnings and Individual Net Winnings had been received during the applicable four-year statutory recovery period ending on February 22, 2010, the date that VCR filed for bankruptcy protection. (Doc. 14 at 5–6). Judgment was entered in the Trustee's favor, which found the Trustee was entitled to money judgments against Appellants jointly for $45,939.32, and against Mr. Lankford individually for $21,465.07. (*Id.* at 11–12).

On June 4, 2014, Appellants again requested leave to file counter-claims against the Trustee and her attorneys for fraud and extortion. (Doc. 17 at 17–29). Their request was denied by the Bankruptcy Court. (Doc. 18 at 19–26).

Then on December 1, 2014, Appellants filed their Motion to Vacate pursuant to Fed. R. Civ. P. 60(b)(3) and 60(d)(3), (Doc. 18 at 33–48), asking the Bankruptcy Court to vacate the judgment on the basis that the Trustee committed fraud and fraud on the court by initially miscalculating the total amount of their joint transfers received from VCR. (*Id.*). Appellants contended that the calculation error was intentional, and that the Trustee's conduct constituted fraud, extortion, incompetence, and perjury. (*Id.*).

In its denial of the Motion to Vacate, the Bankruptcy Court noted that Appellants were making identical arguments to those that it had previously rejected as being unsubstantiated and conclusory. (Doc. 19 at 11–17). The Bankruptcy Court found that Appellants failed to come forward with any evidence that the Trustee's miscalculation was the result of fraud or fraud on the court. (*Id.*). Thus, the Bankruptcy Court concluded that Appellant's arguments did not satisfy the legal standard for granting a

motion to vacate pursuant to Rule 60(b)(3) or Rule 60(d)(3), and that Appellants could not successfully advance several new arguments for the first time pursuant to the Motion to Vacate. (*Id.*).

Appellants filed their *Am[]ended Notice of Appeal and Statement of Election*, requesting review of the Bankruptcy Court's Order, from this Court. (Doc. 19 at 19–29). As an initial matter, the Magistrate Judge observed that Bankruptcy Rule 8018(b)(1) requires Appellants to file and serve an appendix with their principal brief in all appeals. Appellants in this case, who proceed pro se, failed to file the relevant portions of the record as an appendix with their brief, and the Trustee filed the record for the convenience of the Court instead. Appellants' contravention of Bankruptcy Rule 8018(b)(1) permits the Court to summarily affirm the decision of the Bankruptcy Court. *See, e.g.*, *In re Black*, No. 03-4078, 130 Fed. Appx. 205 (10th Cir. Jan. 27, 2005) (unpublished). While a pro se party must follow the same procedural rules that govern other litigants, *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994), the Court should construe the filings of a pro se litigant liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Since the relevant portions of the record were filed by the Trustee, this Court declines to summarily affirm the decision of the Bankruptcy Court for the sole reason that Appellants did not properly file the record with the Court.

However, Appellants maintain that the Trustee failed to provide "key evidence" from the record that would otherwise support their arguments. (Doc. 35 at 2). They also maintain that the Magistrate Judge misread "vital information" in their briefs because the Magistrate Judge referenced the record based on the docket and page number

assigned by the Clerk of the Court. (*Id.*). This Court has reviewed the entire record de novo, and finds that the Magistrate Judge accurately distilled and described the procedural history of this case, as well as the relevant portions of the record at issue here. Further, Appellants have not identified with any specificity the key evidence and vital information that was allegedly missed or ignored by the Magistrate Judge in the PFRD.

## II.   The Magistrate Judge's Analysis

Appellants seek to vacate the Order denying their Motion to Vacate pursuant to Rule 60(b)(3) and Rule 60(d)(3), alleging that the Trustee committed fraud and fraud on the Bankruptcy Court in litigating the adversarial suit against them. Specifically, Appellants alleged that: (i) the Bankruptcy Court erroneously disregarded material facts and evidence demonstrating that the Trustee committed acts of fraud and fraud on the Bankruptcy Court; (ii) the Bankruptcy Court's analysis was erroneous; and (iii) the Trustee abused her authority by initially demanding an improper sum of money from Appellants. (Doc. 27 at 8). The Trustee responds that the Bankruptcy Court properly exercised its discretion to deny the Motion to Vacate because Appellants failed to demonstrate that the Trustee committed fraud or fraud on the court as defined by Rule 60(b)(3) and Rule 60(d)(3). (Doc. 28).

The Magistrate Judge properly noted that, in reviewing the Bankruptcy Court's Order, this Court sits as an appellate court and maintains jurisdiction in accordance with 28 U.S.C. § 158(a)(1). When the Court reviews the Bankruptcy Court's decisions on appeal, it applies "the same standards of review as those governing appellate review in

other cases." *Gill v. Winn (In re Perma Pac. Props.),* 983 F.2d 964, 966 (10th Cir.1992);
*United States ex rel. U.S. Dep't of Educ. v. Moreu*, 332 B.R. 20, 22 (W.D. Okla. 2005).

An appeal from a denial of a motion to vacate a judgment brought under either
Fed. R. Civ. P. 60(b) or 60(d) is reviewed for abuse of discretion. *United States v. Buck*,
281 F.3d 1336, 1342–43 (10th Cir. 2002) (concerning motions alleging fraud on the
court generally); *State Bank of Southern Utah v. Gledhill (In re Gledhill)*, 76 F.3d 1070,
1080 (10th Cir. 1996) (concerning Rule 60(b) motions). A court "has substantial
discretion in connection with a Rule 60(b) motion." *In re Gledhill*, 76 F.3d at 1080
(quotation omitted). Under an abuse of discretion standard, a trial court's decision will
not be reversed unless its ruling is based on an erroneous conclusion of law or relies on
clearly erroneous factual findings. *In re Dey*, BAP No. CO-14-026, 2015 WL 669788, at
*3 (B.A.P. 10th Feb. 17, 2015) (unpublished). Thus, this Court will reverse the
Bankruptcy Court's determination only if the Court finds "a complete absence of a
reasonable basis" for the decision and is certain that the Bankruptcy Court's decision is
wrong. *In re Gledhill*, 76 F.3d at 1080 (quotation omitted).

A.    *Relief from a Judgment under Rule 60*

The Magistrate Judge stated that relief from a judgment under Rule 60 is
extraordinary and may only be granted in exceptional circumstances. *In re Gledhill*, 76
F.3d at 1080. Indeed, a litigant may only successfully demonstrate that such exceptional
circumstances exist by satisfying one or more of the six grounds for relief from judgment
set forth in Rule 60(b). *In re Dey*, 2015 WL 669788 at *3. Rule 60(b)(3) permits a court
to relieve a party from a final judgment, order, or proceeding that was obtained through
fraud, misrepresentation, or misconduct by an opposing party, as long as a motion

11

requesting such relief is brought within one year after the judgment is entered. FED.R.CIV.P. 60(b)(3) & (c); *Bedard v. Nat'l Cas. Ins. Co.*, No. 12-3067, 481 Fed. Appx. 445, 446 (10th Cir. July 26, 2012) (unpublished). "Rule 60(b)(3)'s aim is to provide relief from judgments that were unfairly obtained," not from those which are factually incorrect, and "encompasses a wide range of circumstances." *In re Dey*, 2015 WL 669788 at *3; *see also Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005).

Rule 60(d)(3), on the other hand, acts as a kind of savings clause that ensures a court's power is not limited to only "set[ting] aside a judgment for fraud on the court." While Rule 60(b)(3) and Rule 60(d)(3) are two distinct bases for post-judgment relief, they have similarities because fraud on the court claims may be raised in a Rule 60(b)(3) motion as well as in a Rule 60(d)(3) motion. *In re Dey*, 2015 WL 669788 at *3. However, unlike Rule 60(b)(3), there is no one-year deadline to bring a Rule 60(d)(3) motion, and the fraud on the court need not be perpetrated by the opposing party. *See generally* FED.R.CIV.P. 60.

### 1.   *Fraud under Rule 60(b)(3)*

Rule 60(b)(3) allows a court to relieve a party from a final judgment based on fraud, misrepresentation, or other misconduct of an adverse party. *Zurich N. Am.*, 426 F.3d at 1290 (quoting Fed. R. Civ. P. 60(b)(3)). "Regardless of the specific form of the allegation, the party relying on Rule 60(b)(3) must, by adequate proof, clearly substantiate the claim of fraud, misconduct or misrepresentation." *Id.* (quotation omitted). The movant seeking relief under Rule 60(b)(3), "must show clear and convincing proof of fraud, misrepresentation, or misconduct." *Id.* (quotation omitted).

Moreover, "the challenged behavior must substantially have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial." *Id.* (quotation omitted). Conclusory allegations of wrongdoing, without evidence, are insufficient. *See Smith v. Cochran*, No. 04-5114,182 Fed. Appx. 854, 861 (10th Cir. June 28, 2006) (unpublished).

Appellants argue that the Bankruptcy Court improperly disregarded material facts and evidence that they submitted to the Bankruptcy Court which show that the Trustee committed fraud in violation of their constitutional rights. (Doc. 27 at 8). Appellants contend that the Trustee's incorrect initial calculation of the total transfers from VCR, as a result of their joint investments, was intentionally fraudulent, making summary judgment inappropriate because there existed genuine issues of material fact for trial. (*Id.* at 9). Appellants accuse the Trustee of intentionally concealing the true total amount of the transfers, and complain that the Bankruptcy Court erroneously relied on the Trustee's explanation that her initial calculation was simple error resulting from her reliance on VCR's internal 1099 spreadsheets. (*Id.* at 11). Appellants claim that these spreadsheets were never produced in discovery because their existence was fabricated by the Trustee, and therefore there was no reason for the Bankruptcy Court to rely on the veracity of the Trustee's explanation as to why the initial calculation was made in error. (*Id.* at 11, 13). Appellants assert several times that the Trustee's calculation error was made in bad faith, that the Trustee deceived the Bankruptcy Court, and that the Bankruptcy Court should not have accepted her explanation that she recalculated the amounts of their fictitious profits by relying on the newly-acquired bank documents and check data from VCR. (*Id.* at 24). Appellants maintain that the Trustee had those

documents in her possession throughout the pendency of the adversarial action, but that the Trustee purposely withheld the information in order to defraud Appellants. (*Id.* at 24).

The Magistrate Judge observed that in its Order denying Appellants' Motion to Vacate, the Bankruptcy Court rejected Appellants' contentions, finding that Appellants' conclusory allegations did not amount to fraud under Rule 60(b)(3). (Doc. 19 at 16). Appellants attached various documents to their Motion to Vacate, (Doc. 18 at 49–Doc. 19 at 7), but the Bankruptcy Court concluded that Appellants had not demonstrated with any admissible evidence that the Trustee's calculation error amounted to fraud. (Doc. 19 at 16).

Appellants argue that the Court improperly relied on the veracity of the Trustee's explanation regarding the initial over-calculation, which was a per se admission that some malfeasance occurred during the litigation. Thus, Appellants reason, even if the errors were corrected before the judgment against them was entered, the Bankruptcy Court should not have granted relief to the Trustee. (Doc. 27 at 22).

The Magistrate Judge found that Appellants provided no legal authority that the judgment must be vacated for that reason alone, and that it could find none. Further, because Rule 60(b)(3) is aimed at judgments that are unfairly obtained, and the Bankruptcy Court did not rely on the initial calculations in the complaint in granting judgment for the Trustee, the Magistrate Judge was not persuaded by Appellants' argument that a calculation error made at the earliest stage of adversarial proceeding was per se fraud requiring that the judgment be vacated.

The Magistrate Judge further noted that Appellants have the burden of showing that the Trustee's misconduct substantially interfered with their ability to fully and fairly prepare for and proceed at trial. *Woodworker's Supply Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). The Magistrate Judge found that Appellants knew about and challenged the calculation error well in advance of the motion for summary judgment. Appellants only contend they were prejudiced because they were unable to question the Trustee under oath regarding the calculation error after spending "hundreds of hours" and making travel arrangements in preparation for trial. Further, they argue that they did not receive the internal 1099 forms relied on by the Trustee in discovery, which is probative that no such forms ever existed.

Failure to disclose information requested during discovery may constitute misconduct under Rule 60(b)(3), but the misconduct, to be a basis for vacating a final judgment, usually requires the violation of a specific discovery request or order. *Marcotte, In re Ortega v. Burlington N. Santa Fe Rail Corp.*, No. CIV-04-0836 JB/RLP, 2007 WL 5685130, at *16 (D.N.M. Oct. 11, 2007) (unpublished) (citing *Zurich N. Am.*, 426 F.3d at 1292). The Magistrate Judge noted that Appellants never requested the 1099 forms in discovery, and there is no evidence or allegation that Appellants tried to depose or submit interrogatories or requests for admissions to the Trustee.

Appellants argued that once the calculation error was confirmed by the Trustee, that they were prejudiced because they were not able to serve discovery requests because the deadline for discovery had passed. (Doc. 27 at 14). Appellants contend that by failing to disclose the 1099 spreadsheets with their initial disclosures, the Trustee violated Rule 26. However, the Magistrate Judge noted that allegations of

nondisclosure in pretrial discovery cannot support an action for fraud. *See Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985) (fraud on the court); *see also Weese*, 98 F.3d at 553.

Appellants also contend that they were prejudiced because they were unable to prove their fraud claims against the Trustee. However, Appellants were never granted leave to file counter-claims for fraud. Appellants do not allege that they were otherwise impeded in preparing their defense to the Trustee's adversarial action to avoid the transfers. Thus, Appellants have not shown that the Trustee's alleged wrongdoing prevented them from fully and fairly preparing their defense in the adversarial action.

The Magistrate Judge found that Appellants did not demonstrate, with clear and convincing evidence, that the Trustee committed fraud which substantially interfered with their ability to fully and fairly prepare for trial. Thus, the Bankruptcy Court did not abuse its discretion in determining that Appellants' arguments were conclusory and unsubstantiated. The Magistrate Judge recommended that this Court affirm that finding because it was not clearly erroneous.

## 2. *Fraud on the Court*

A litigant may seek to set aside a judgment for fraud on the court under both a Rule 60(b)(3) and a Rule 60(d)(3) motion. *In re Dey*, 2015 WL 669788, at *4. "Under Tenth Circuit precedent, the same standard applies to establish fraud on the court under Rule 60(b)(3) and 60(d)(3)." *Id.* "[F]raud on the court requires conclusive proof of 1) the fraud, 2) intent to defraud, and 3) an injury to more than a single litigant that assaults the integrity of the judicial process." *In re Dey*, 2015 WL 669788 at *4 (discussing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)). "Fraud on the court is

16

tightly construed because the consequences are severe." *Weese v. Schukman*, 98 F.3d 542, 553 (10th Cir. 1996) (alterations omitted). Additionally, "[i]ntent to defraud is an absolute prerequisite to a finding of fraud on the court." *Id.* "Only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court." *Id.* at 552–53 (quotation omitted). Fraud on the court is "fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury." *In re Dey*, 2015 WL 669788 at *4 (quotation omitted). "Only where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function, then it is fraud on the court." *Id.* Further, the fraud must have actually deceived the court. *Krietzburg v. Mucci (In re Mucci)*, 488 B.R. 186, 193 (Bankr. D.N.M. 2013).

Appellants contend that all of the Trustee's actions constituting fraud also constitute fraud on the court. The Trustee responds that because the Bankruptcy Court was not actually deceived by the early miscalculation, the Trustee's actions do not amount to fraud on the court. The Bankruptcy Court agreed with the Trustee, noting that it had not actually been deceived by the alleged fraud in granting judgment to the Trustee. (Doc. 19 at 16).

The Magistrate Judge found that the Bankruptcy Court did not rely on the alleged fraudulent conduct in granting the judgment. The Bankruptcy Court repeatedly explained it did not accept the miscalculation to determine the amount of the money judgment awarded to the Trustee. The Bankruptcy Court did not look beyond the evidence submitted with the motion for summary judgment and consider the numbers

submitted by the Trustee in the earlier complaint. Since the Bankruptcy Court did not

rely on the alleged fraudulent conduct in entering the judgment, the Magistrate Judge

concluded that judgment cannot be set aside on the basis of fraud on the court. *See*

*Zurich N. Am.*, 426 F.3d at 1291. Therefore, the Magistrate Judge determined that

Appellants failed to show the Bankruptcy Court abused its discretion by denying their

Motion to Vacate the judgment on the basis of fraud on the court.

        B.      <u>*Other Matters Raised on Appeal*</u>

The Magistrate Judge noted that Appellants raise various other matters on

appeal. For instance, Appellants argue that the Bankruptcy Court should have offset

Mrs. Lankford's investment losses from her IRA account when it calculated the money

judgment. (Doc. 27 at 10). This argument was raised by Appellants in their Motion to

Vacate and rejected by the Bankruptcy Court for the reason that Appellants failed to

raise offset in response to the motion for summary judgment, and Appellants did not

timely appeal the judgment. (Doc. 19 at 16).

The Magistrate Judge accurately described Appellants' Notice of Appeal as

proscribing the scope of their appeal to the Bankruptcy Court's Order denying

Appellants' Motion to Vacate. Any arguments that go beyond Appellant's appeal of the

Bankruptcy Court's Order will therefore not be addressed by this Court because they

are outside this Court's appellate jurisdiction. *See Cunico v. Pueblo Sch. Dist. No. 60*,

917 F.2d 431, 444 (10th Cir. 1990) ("[A]ppellate review is limited to final judgments or

parts thereof that are designated in the notice of appeal.").

Appellants complain that the Bankruptcy Court erred by failing to check the

Trustee's "questionable math" at the summary judgment stage. (Doc. 33 at 6).

Appellants contend that the Bankruptcy Court erred by not explicating the calculations made by the Trustee. (Doc. 33 at 6). However, the Magistrate Judge noted that the record shows that Appellants were provided multiple opportunities to raise genuine issues of disputed fact by coming forth with admissible evidence once the Trustee moved for judgment under Rule 56(d). Here, Appellants chose not to do so. Generally, a ruling on a post-judgment motion, such as a motion to vacate a judgment under Rule 60, is subject to independent appeal separate from the underlying judgment. *Lang v. Lang (In re Lang)*, 414 F.3d 1191, 1196 (10th Cir. 2005). The scope of Appellant's stand-alone appeal is "restricted to the questions properly raised by the post-judgment motion [and] should not extend to revive lost opportunities to appeal the underlying judgment." *Id.* Thus, the sole issue in this case is whether the Bankruptcy Court abused its discretion by denying Appellant's Motion to Vacate, and not whether it erred by granting summary judgment in the Trustee's favor.

Appellants further contend that they have brought separate counts of fraud and fraud on the court against the Trustee, which they should have been able to litigate to trial. However, the Bankruptcy Court denied Appellants leave to bring any counter-claims based on their allegations of fraud, and Appellants did not timely appeal those decisions. Thus, any argument attacking the Bankruptcy Court's other orders in the adversarial suit may not be considered by this Court because they are outside this Court's appellate jurisdiction. The Magistrate Judge aptly reasoned that this Court should not address that issue in more depth because it lacks jurisdiction over those decisions.[5]

---

[5] Appellants contend in the Objections that the Magistrate Judge should have acknowledged the evidence and explained where the deficiencies exist as to each of their claims. As the Magistrate Judge explained,

In sum, the Magistrate Judge found that Appellants have not demonstrated by clear and convincing evidence that the Trustee's alleged fraudulent conduct substantially interfered with their ability to fully and fairly to prepare for and proceed at trial, or that her conduct was directed to the judicial machinery itself. Further, there is no evidence that the Bankruptcy Court was influenced by the alleged fraud in entering the judgment. The Magistrate Judge concluded that for those reasons, the Bankruptcy Court's refusal to grant relief from judgment was not erroneous, and recommended that the judgment be affirmed.

## III.   Objections

When resolving objections to a magistrate judge's recommendation, the district judge must make a de novo determination regarding any part of the recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C). Filing objections that address the primary issues in the case "advances the interests that underlie the Magistrate's Act, including judicial efficiency." *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, and Contents*, 73 F.3d 1057, 1059 (10th Cir. 1996). Objections must be timely and specific to preserve an issue for de novo review by the district court or for appellate review. *Id.* at 1060. Additionally, issues "raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1030–31 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

---

Appellants never successfully asserted any independent counter-claims against the Trustee, and for that reason any objections concerning the purported independent counter-claims are overruled.

A.    _August 6, 2013 Hearing_

Appellants contend that at the August 6, 2013, they tried to explain to the Bankruptcy Court the discrepancies between the Trustee's initial calculations of the Net Winnings and their own. (Doc. 35 at 7–10). The Bankruptcy Court accordingly ordered the Trustee to provide to Appellants the documents supporting the initial calculation. (Doc. 19 at 40). As explained above in the procedural history of this case, two days later, the Bankruptcy Court memorialized its directive in writing but only required the Trustee to provide to Appellants a written explanation as to how she determined the amounts with references to specific documents already provided to Appellants. (Doc. 13 at 53–54).

Appellants argue that the failure of the Bankruptcy Court to also order the Trustee to provide them with the 1099 spreadsheets is probative evidence that the Bankruptcy Court was deceived by the Trustee's fraud. (Doc. 35 at 8). Appellants allege that the Bankruptcy Court and Trustee must have engaged in ex parte communication, and that the Bankruptcy Court knew at that time that the Trustee planned to revise the calculation total. (Doc. 35 at 9). Appellants contend that these circumstances provide requisite evidence that the Bankruptcy Court had knowledge that the 1099 spreadsheets never existed and "was attempting to protect the Trustee." (Doc. 35 at 10). Appellants failed to raise this argument in their opening brief on appeal, and therefore it is waived and cannot be considered for the first time as an objection to the PFRD. For good measure though, the Court will explain why the objection lacks merit and must be overruled.

21

Appellants admit that they never requested the 1099 spreadsheets in discovery, and that the Rule 26 disclosure requirements did not apply in this case. (Doc. 35 at 13). Thus, the Court cannot find that the Bankruptcy Court erred in failing to require the Trustee to produce the 1099 spreadsheets or find that she wrongfully withheld them. Moreover, as the Magistrate Judge explained, allegations of nondisclosure in pretrial discovery do not support reversal of a judgment for fraud or fraud on the Court.

Additionally, Appellants have failed to explain how the alleged fraud relates to the judgment which they request be set aside. As the Magistrate Judge accurately explained, the 1099 spreadsheets were not considered by the Bankruptcy Court in granting judgment in favor of the Trustee. Further, this Court cannot agree with Appellants that the circumstantial evidence they present here is probative that the Bankruptcy Court was complicit with the Trustee's alleged fraud.

An objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Appellants have not pointed this Court to a legal or factual issue truly in dispute, or demonstrated that the Magistrate Judge legally erred in her analysis. Therefore, this objection shall be overruled.

B.   *The Calculation Explanation*

Appellants also object to the Magistrate Judge's characterization of the evidence that the Bankruptcy Court relied upon to enter judgment in favor of the Trustee. For example, Appellants maintain that there exists a factual dispute concerning the use of an amortization schedule attached to the Trustee's Reply in support of her motion for summary judgment in calculating the original and revised Net Winnings amount. (Doc.

22

35 at 11). Appellants suggest that the Magistrate Judge has failed to address this specific instance of fraud and fraud on the court. (Doc. 35 at 12).

Appellants maintain that they "intend to show [the Trustee's] scheme of manipulating the numbers and highlighting the contrived fraud used by the Trustee to deceive the Court into believing that she made these many 'errors.'" (Doc. 35 at 13). Appellants acknowledge that the revised Net Winnings amount was ultimately correct, but contend that the Bankruptcy Court was complicit with the Trustee in hiding the purported fraud committed by the Trustee. (*Id.*). Appellants argue that the Court must find malfeasance by the Trustee because the initial accounting could not have resulted except for intentional deception. (Doc. 35 at 14).

All of the factual arguments asserted by Appellants were either already discussed and rejected by the Magistrate Judge, or are being raised for the first time as an objection. An objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Here, Appellants offer no legal authority to demonstrate that the Magistrate Judge legally erred in her analysis of their arguments, and therefore fail to direct this Court's attention to a factual or legal issue truly in dispute. *See One Parcel of Real Prop.*, 73 F.3d at 1060.

Further, Appellants have failed to explain how the alleged fraud relates to the judgment which Appellants request be set aside. They assert that they were harmed throughout the early years of the litigation because they had to challenge the initial calculation by the Trustee. (Doc. 35 at 15). However, the Trustee eventually agreed to the numbers asserted by Appellants, and judgment issued pursuant to the revised

calculation, which Appellants do not now dispute. The Magistrate Judge noted that the 1099 spreadsheets and initial calculation were not considered by the Bankruptcy Court in granting judgment in favor of the Trustee. As stated above, Appellants have failed to set forth how the alleged fraud or fraud on the Court resulted in the entry of the Judgment.

C.    *Mrs. Lankford's IRA Loss*

Last, Appellants object to the PFRD on the basis that the Bankruptcy Court impermissibly entered judgment against them without offsetting Mrs. Lankford's purported loss in her IRA investments. Appellants argue that the Trustee and Bankruptcy Court had an affirmative duty to consider the IRA losses and subtract them from the calculation of Net Winnings, only entering judgment equal to the net gain of Appellants. (Doc. 35 at 18).

The Magistrate Judge noted that this argument was raised for the first time by Appellants in their Motion to Vacate, and correctly rejected by the Bankruptcy Court for the reason that Appellants failed to raise it in opposing the Trustee's motion for summary judgment. Since Appellants did not timely appeal the judgment against them, the argument could not be considered pursuant to the Motion to Vacate the judgment. This Court agrees that Appellants did not preserve this argument for review pursuant to a motion to vacate the judgment. Further, Appellants fail to point to any legal authority that the Bankruptcy Court had an affirmative duty to offset losses that Appellants did not argue they were entitled to prior to the entry of judgment. Thus, this objection will also be overruled.

For all of the foregoing reasons, this Court finds that none of Appellants' objections demonstrate that the Magistrate Judge's findings and analysis were erroneous. Thus, this Court finds that the Magistrate Judge properly observed that the Bankruptcy Court had substantial discretion in deciding whether to grant Appellants' motion under Rule 60(b)(3) or Rule 60(d)(3). Since Appellants did not demonstrate that the Trustee's alleged fraudulent conduct substantially interfered with their ability to fully and fairly prepare for and proceed at trial, that the Trustee's conduct was directed to the judicial machinery itself, or that the Bankruptcy Court was actually deceived by the purported fraud, the Bankruptcy Court's decision to deny them relief from judgment was not erroneous.

## IV.    Conclusion

This Court has reviewed the record de novo, in addition to the PFRD and Appellants' Objections, the response to the Objections, and the reply to those Objections. The Court finds that the Magistrate Judge correctly understood and analyzed the record, and that the Objections do not successfully assert any arguments demonstrating that the Magistrate Judge legally erred or that there exist legal or factual issues that are truly in dispute. For all of the foregoing reasons, the Court finds that the appeal is without merit.

**IT IS THEREFORE ORDERED** that Appellants' Objections be **OVERRULED**, and the Magistrate Judges *Proposed Findings and Recommended Disposition*, (Doc. 34), be **ADOPTED**.

**IT IS FURTHER ORDERED** that the Bankruptcy Court's *Memorandum Opinion and Order Denying Motion to Vacate Summary Judgment* be **AFFIRMED** and that this appeal be **DISMISSED**.

_____
THE HONORABLE ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE

26